IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBORAH JOYCE SMITH**,

      Plaintiff,

v.

**LIFE INSURANCE COMPANY
OF NORTH AMERICA**,
a Pennsylvania corporation,

      Defendant.

Hon.

Case No.: 22-

_____/

## COMPLAINT

Plaintiff, DEBORAH J. SMITH, through her attorneys, ILANA S. WILENKIN and FELDHEIM & WILENKIN, P.C., complains against the above-named Defendant as follows:

### I. Jurisdiction and Venue

1)   This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f), which provisions grant this Court the jurisdiction to hear civil actions to recover benefits due under the terms of an employee welfare benefit plan.

2) The subject welfare benefit plan consists of a short- and long-term disability insurance plan, and, upon information and belief, a life insurance plan with a waiver of premium due to total disability, collectively referred to herein as "the Plan."

3) The Policyholder, Plan Sponsor, Plan Administrator, and employer is Sky Chefs, Inc. and administrator.

4) Defendant Life Insurance Company of North America ("LINA") underwrites the coverage and administers claims.

5) 29 U.S.C. § 1133 provides a mechanism for the administrative or internal appeal of benefit denials.  Plaintiff ("Mrs. Smith") has either exhausted all of her appeals or has been denied access to a meaningful and/or full and fair pre-suit appellate review.  This matter is ripe for juridical review.

6) Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is proper in the Eastern District of Michigan.

## II.   Nature of Action

7) This is a claim seeking short- and long-term disability income benefits and, if applicable, a waiver of life premium due to total disability, pursuant to the Plan that covers Sky Chefs, Inc. employees, including Mrs.

Smith. This action is brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

### III. The Parties

8) Mrs. Smith is 59-years-of-age. She was, and continues to remain, a resident of Northville, Michigan.

9) LINA is a Pennsylvania corporation conducting insurance-related business in Michigan. Its Resident Agent for service of process is: CT Corporation System, 40600 Ann Arbor Rd. East, Suite 201, Plymouth, MI 48170.

10) During all relevant times, the Plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), and, incidental to her employment, with Sky Chef, Inc., Mrs. Smith received coverage under the Plan as a "participant," as defined by 29 U.S.C. § 1002(7). This claim relates to benefits due under the above-described Plan.

### IV. Factual Statement & Medical Support

11) Mrs. Smith began working for Sky Chef, Inc. on 1/11/92 and was an insured employee under the Plan.

12) Mrs. Smith stopped working in any capacity on or about 1/11/21 due to various disabling medical conditions. At the time of

3

disability, Mrs. Smith was working as an Account Manager, light-medium-duty occupation.

13) Subsequent to her last day of work, Mrs. Smith applied to LINA/Sky Chefs to begin receiving STD benefits, which benefits appear to have been paid for an unknown period of time. The Plan seems to provide that Mrs. Smith was required to satisfy a 180-day elimination period before long-term disability benefits became payable. However, LINA indicated in its 10/14/21 denial letter that the elimination period was the greater of 90 days or the exhaustion of accumulated sick leave. Thus, upon information and belief, Mrs. Smith is entitled to any STD benefits that remain outstanding, with LTD benefits payable as of either April or May 2021 or July 2021.

14) In response to LINA's 10/14/21 claim denial, Mrs. Smith submitted the requisite administrative appeal on 4/25/22, which included supporting medical evidence and proof that the Social Security Administration had determined that she became disabled under its rules on 1/12/21.

15) On 7/7/22, LINA advised Mrs. Smith that it had reversed its 10/14/21 adverse decision and approved LTD benefits.

16) Upon receipt of LINA's favorable decision, the undersigned left a message for "Brett K" at the number listed on LINA's correspondence, asking to him to instruct the eventual claim manager to call in order to ensure that the retroactive benefits payment was directed to the undersigned.

17) On 7/18/22, "Gena" left a message for the undersigned asking whether Mrs. Smith had applied for SSD benefits. The undersigned, in turn, left a message for "Gena" that Mrs. Smith's SSD information had been included as an exhibit to her appeal, and had "Gena" taken a minute to review the file, she would have known that that information was available. "Gena" never responded.

18) The undersigned proceeded to leave at least an additional 1-2 messages for both "Gena" and "Brett K" asking about the status of the benefits that were due. Neither returned the calls/messages.

19) On 8/2/22, the undersigned faxed a letter to "Gena" and "Brett K's" supervisor outlining what had transpired to date. **(Ex. 2)**.

20) As of 8/11/22, no one from LINA has responded, and LINA still has not issued payment.

21) Because LINA refuses to issue payment pursuant to its 7/11/22 decision to approve Mrs. Smith's claim, and because LINA refuses to communicate with the undersigned, Mrs. Smith is now forced to unnecessarily waste additional time and financial resources to collect that which should have been paid without delay.

22) LINA's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

**WHEREFORE**, based upon the preceding reasons, Plaintiff prays for the following relief:

- A) That this Court enter judgment in Mrs. Smith's favor against LINA and order the immediate payment of short and long-term disability benefits as well as a waiver of life premium;

- B) That this Court order LINA to pay Mrs. Smith prejudgment interest pursuant to *Horn v. McQueen*, 353 F. Supp. 2d 785 (2004) and post-judgment interest in accordance with M.C.L. § 600.6013 and 600.6455;

- C) That this Court award attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

- D) That Mrs. Smith recover all relief to which he may be entitled, along with the costs of litigation.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By: s/Ilana S. Wilenkin
Ilana S. Wilenkin (P61710)
Plaintiff's attorney
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
(248) 932-3505; fax (248) 932-1734
ilana@lawsmf.com

Dated: August 11, 2022